GEORGE E. YOUNG *vs.* ERNEST OTTO.

Argued May 8, 1894. Affirmed May 24, 1894.

No. 8798.

**Misconduct of jurors who are subsequently excluded from the jury.**

Where misconduct of two jurors, and of the party with those two, was discovered, and brought to the attention of the court during the trial, and by consent the two jurors were excused, and the trial proceeded with the other ten, such misconduct is not ground for granting a new trial.

**Findings sustained by the evidence.**

Evidence *held* sufficient to sustain findings of fact.

**Error cured.**

Error in excluding a witness' answer to a question *held* cured by subsequently permitting the answer.

**Stating the purpose of evidence offered.**

Where but one purpose is apparent from a question to a witness, and for that purpose the question is incompetent, and on that ground it is objected to, and the objection sustained, the party asking it cannot be permitted to claim it was competent for some other purpose, unless he stated that purpose before the court ruled upon the objection.

**Test of mental capacity.**

Where a party, in anticipation of death, and with a view to that event, makes final disposition of his property, whether entirely by will or entirely by *ante mortem* transfers, or by both, the test of mental capacity to do so is the same, to wit, that applicable in case of wills.

Appeal by defendant, Ernest Otto, from an order of the District Court of Wright County, *Seagrave Smith*, J., made November 11, 1893, denying his motion for a new trial.

On January 10, 1893, William Otto, a farmer of Wright county, died of consumption at Minneapolis where he had gone for medical treatment. The plaintiff, George E. Young, was on February 16, 1893, duly appointed by the Probate Court of Wright county administrator of his estate and as such on April 14, 1893, brought this action of replevin against Ernest Otto, brother of deceased, to recover possession of three horses, four cows, young cattle, hogs, grain, hay, farm machinery and other property described, or $1,178.70 the value thereof in case possession could not be obtained and $500

damages for its detention. The defendant answered claiming title to the property under two bills of sale made by deceased, one on December 30, 1892, and the other on January 2, 1893. Plaintiff claimed that the two bills of sale were made by deceased while he was mentally unsound and incapable of contracting and were procured by undue influence exercised over him by the defendant and his sister, Anna Kubon, and were without consideration. At the time of executing the last bill of sale he also executed a will by which he devised two thirds of his real estate to his father and mother and the other third to his wife with whom he was in discord. He left no children. Specific questions of fact involved in the issues were framed and submitted to a jury. During the trial on June 15, 1893, two of the jurors went out in the evening with the plaintiff, the widow, her brother and his wife, and others on Buffalo Lake in a boat, fishing. The matter was reported to the court next morning and by consent the two jurors were excused and the trial proceeded with the remaining ten. Martha Kubon, a witness for defendant, was asked by him to state what was the mental condition of deceased his capacity to understand when the bills of sale were made. This was objected to by plaintiff and excluded. After she had subsequently stated incidents in his conduct and demeanor observed by her, she was permitted to answer. This ruling excluding her answer at the first is defendant's fifth assignment of error. The defendant was a witness in his own behalf and was asked by his counsel to state what was said, when the first bill of sale was executed, about a debt of $400 which he and the deceased owed jointly. This was objected to as incompetent, the other party being dead. The objection was sustained. Defendant excepted to the ruling. His counsel then stated that he offered the evidence on the question of the competency of the deceased, but nothing further was said on that point and the matter was dropped. This is defendant's sixth assignment of error. The jury in answer to the specific questions of fact submitted to them found that William Otto had not, when he executed the bills of sale, sufficient mental capacity to execute them and that they were procured by undue influence of the defendant over him. The court made findings embracing this verdict and directed judgment for the plaintiff. Defendant moved for a new trial. Being denied he appeals.

*W. E. Culkin, C. A. Ebert* and *Henry Ebert,* for appellant.

The prevailing plaintiff Young, the widow Mary Otto, and two important witnesses for them went on Lake Buffalo in a small boat with two jurors at night, pending the trial. This misconduct was caused by the prevailing party. He interfered with the orderly administration of justice and should not be permitted to prevail. Our statute provides for new trials for misconduct of prevailing party. Here prevailing party has not explained his misconduct. *Koehler* v. *Cleary,* 23 Minn. 325.

A witness whether professional or not may state the opinion formed by him upon his own knowledge of facts as to vendor's state of mind. The fact that the witness, Martha Kubon, was allowed afterwards to testify to the mental condition of deceased on December 30 and January 2, does not cure the error in excluding the previous offer. Defendant had a right to show his condition before and after the transaction. *Woodcock* v. *Woodcock,* 31 Minn. 217; *In re Pinney's Will,* 27 Minn. 280.

The court erred in sustaining the objection of plaintiff to the question asked of Ernest Otto specified in the sixth assignment of error. When the capacity of vendor is attacked his declarations may be offered in evidence. *Howe* v. *Howe,* 99 Mass. 88; *Howell* v. *Howell,* 47 Ga. 492; *In re Pinney's Will,* 27 Minn. 280; *Woodcock* v. *Woodcock,* 36 Minn. 217.

This was no attempt to prove a contract. That was already in evidence and was under seal and imported a consideration. The only questions in issue were those of capacity and undue influence.

The charge to the jury as to the mental capacity of deceased to make a bill of sale is erroneous. The rule given may apply to capacity to make a will but not a mere bill of sale. It requires the very highest intelligence and under the rule stated no contract would stand. It is not the test of a valid contract.

*James M. Burlingame,* for respondent.

If any wrong occurred from the evening boat ride it was healed by dismissing the two jurymen at defendant's request.

The exclusion of the answer of Martha Kubon to the question as to William's mental condition, his capacity to understand, from the

time he came to Minneapolis up to the Saturday before he died, if error, was cured by finally receiving her testimony.

The court's refusal to allow Ernest Otto to state what was said between him and William as to the $400 was objected to on the ground that William was dead. The court sustained the objection and the plaintiff excepted. Clearly the ruling of the court was right. After the matter had been thus decided counsel made the remark, "We offer that on the question of competency." The court and plaintiff's counsel waited for him to ask his question again after announcing this ground, but he did not.

Appellant concedes that the rule laid down by the court in the charge applies to a will but contends that it does not apply to a bill of sale. But let it be remembered that the court was talking of these bills, of sale and this will and that the evidence tended to show that these three papers were a part of one scheme to make final disposition of his property in view of death and to take everything from the widow.

GILFILLAN, C. J. It being conceded that during the trial the matter of the alleged misconduct of two of the jurors, and of the plaintiff in connection with them, was brought to the attention of the court, and then by consent the two jurors were excused, and the trial proceeded with the other ten, the defendant must be held to have waived his right to complain of the misconduct. He could not be permitted to experiment with the jury of ten jurors, and, failing of a verdict from them, insist upon a trial by another jury.

On the special findings of the jury that William Otto had not sufficient mental capacity to execute the bills of sale, the plaintiff is entitled to judgment. The general verdict necessarily follows upon those findings; and, if there was no error affecting them, we need not consider how it was with the issue as to undue influence. And the evidence on the issues thus found was so diverse and conflicting as to make it peculiarly a case in which the finding of the jury either way must be held conclusive.

The fourth and seventh assignments of error affect only the issue of undue influence, and need not be considered.

The question referred to in the fifth assignment of error the court, subsequently, when the witness had more fully shown herself com-

petent to answer, permitted her to answer, so that, if there was error in first excluding the answer, it was cured.

The question to defendant when a witness in his own behalf, referred to in the sixth assignment of error, called for what was said on a particular occasion between him and William Otto, deceased, the other party to the contract in controversy. It was: "You may state what, if anything, was said between you as to this $400." On the face of the question, its purpose, and it was the only purpose suggested by it, was to prove a declaration or admission of the deceased, for which purpose it was, under the statute, incompetent. It was objected to on that ground, and the court sustained the objection. It is not permitted a party to covertly mislead a trial court and the opposite party, and, if the defendant asked the question for a purpose not apparent from the question itself, he ought, as soon as it was objected to, and before it was ruled upon, to have stated such purpose. But the defendant waited until the court ruled on the question, and then said he offered it on the matter of William Otto's mental capacity. After that no objection was made, and he did not ask leave nor offer to renew the question, but went on with the examination as to mental capacity. There was no ruling of the court on the competency of the question on the matter of mental capacity, and we need not consider that question. For the purpose suggested by the question, it was incompetent.

As a test of capacity or want of capacity to execute the bill of sale in controversy, the court instructed the jury: "If you find from the evidence that he knew at the time he made this bill of sale, and realized, his relations to his family, his wife, the extent of his property which he had at that time, and the effect that this bill of sale would have in disposing of his property, and fully understood the effect of it, then he had a capacity that the law recognizes as sufficient to execute bills of sale of this character, but if he had not that, then he had not sufficient capacity to execute the bill of sale." This was excepted to.

This is conceded to be a proper test of capacity to execute a will. But it contains several elements not required in a test of capacity to execute an ordinary single contract. This is not the case, however, of an ordinary single contract. One bill of sale was executed December 30th, another January 2d, and at the latter date a will was

executed. It is apparent from the evidence that the three instruments disposed of all, except trifling and inconsiderable items, of William Otto's property; that all were executed when he expected to die in a short time, and in anticipation of death, and for the purpose of making a final disposition of his property with a view to that event. All are to be taken therefore as parts of one transaction, and having one purpose in view,—to make disposition of his property in anticipation of death. In such a case the test of capacity must be the same whether the party attempts to make disposition of his property entirely by will or entirely by *ante mortem* transfers, or by both. As applied to an attempt to make a disposition of his property in either of those ways, the test of capacity stated by the court is the proper one.

Order affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 199.)