## STATE v. OSCAR REMEN AND ANOTHER.[1]

November 14, 1924.

No. 23,878.

**Right to object to competency of jury waived by accused.**
  Where the fact that an outsider has attempted to influence a juror in favor of the accused is made known in open court, and the accused thereafter voluntarily proceeds with the trial to a verdict, he waives any right which he may have had to object to the competency of the jury on the ground that this occurrence may have prejudiced them against him.

Defendants were indicted by the grand jury of Hennepin county charged with the crime of robbery in the first degree, tried in the

[1]Reported in 200 N. W. 803.

district court for that county before Molyneaux, J., and a jury, and found guilty as charged in the indictment. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*E. S. Cary*, for appellants.

*Clifford L. Hilton*, Attorney General, *Floyd B. Olson*, County Attorney, and *S. P. Skahen*, Assistant County Attorney, for respondent.

TAYLOR, C.

The defendants were convicted of the crime of robbery and appeal from an order denying a new trial.

Only one question is presented. At the trial, after the state had rested and while a witness called in behalf of the defendants was being examined by Mr. Malmberg, their attorney, the court took a short recess. What occurred when the court reconvened is stated in the record as follows:

"The Court: Stand out here, Mr. Juror, the gentleman that I was speaking to. (One of the jurors rises.)

"The Court: You say that this man approached you just a while ago?

"One of the jury: A while ago and also yesterday.

"The Court: And what did he say to you?

"The Juror: I can't state his exact words.

\*   \*   \*

"The Juror: As far as I think it was, 'If you can't get an acquittal for the defense, get a disagreement.'

"The Court: Get a disagreement?

"The Juror: Yes.

"The Court: Mr. Officer, take him up to the jail. Are there any other jurors that he has been talking to?

"Another Juror: He spoke to me, but he didn't say anything about the case. I have known him, he was in the army.

"Mr. Malmberg: Just a moment. We ought to have some record made here that as far as we are concerned we don't know this man, didn't know anything about it, had nothing to do with it, and I want that statement before the jury.

"The Juror: I don't say that you did or the defendants in this case did, but I merely state what this man said that I mentioned.

"Mr. Malmberg: I understand that, but in fairness to the defendants here I want the record to show that.

"A Bystander: I was present when those two men were talking yesterday, and I claim that he didn't say that.

"The Court: We will try that out later.

"Mr. Malmberg: I will say, in fairness to these defendants, here— and I want the record to show—I don't even know the man, never saw him in my life that I know of, nor neither of these defendants, and I don't think the juror so intended.

"The Juror: No.

"The Court: I will say to the jury that this episode should have no effect at all upon your verdict. This is a matter, if this man has undertaken to influence this jury, that the court will deal with at the proper time, and we will attend to that matter later.

"Mr. Malmberg: Yes. Only it is a matter that is prejudicial to the defendants unless they had something to do with it.

"Mr. Shaken (the prosecuting attorney): Nobody has said they did, and I don't know whether they have or not."

Without anything further in reference to this matter, and without waiting for any action or direction by the court, defendant's counsel turned to his witness and proceeded with the examination which had been in progress when the recess was taken. The trial proceeded to a conclusion and the case was submitted to the jury without any question being raised as to the propriety or effect of the above proceedings. Defendants now insist that the action of the court was prejudicial error and entitles them to a new trial.

We may concede that what took place would be ground for a new trial unless waived, but we think the defendants waived the right to object to a trial before that jury. The attempt to influence the juror was apparently made by an outsider. It was the duty of the juror to report it to the court and he did so. He did not claim that the defendants had anything to do with it, and they promptly disclaimed any knowledge of it. If the defendants believed that

by reason of this occurrence they would not have a fair trial before that jury, they should have so informed the court instead of proceeding with the trial. They appeared to acquiesce in and to be satisfied with the disposition of the matter made by the court, for they immediately proceeded, of their own volition, to present the remainder of their evidence. With full knowledge of all that had occurred, they could not voluntarily proceed with the trial on the chance of an acquittal, and then, after conviction, claim the right to a new trial on account of such occurrence. State v. Floyd, 61 Minn. 467, 63 N. W. 1096; State v. Salverson, 87 Minn. 40, 91 N. W. 1; Young v. Otto, 57 Minn. 307, 59 N. W. 199; 16 C. J. 1161; 7 Ann. Cas. note at page 421.

If the court, of its own motion, had discharged this jury and empaneled another, it would be a serious question whether, under the circumstances here disclosed, the defendants could not have interposed a plea of former jeopardy as a bar to a trial before the second jury.

The order is affirmed.